Tracy L. Olson, tracyolson@utahlaw-smart.com, (Utah Bar #12374)
Smart, schofield, shorter, P.C.
A Professional Corporation
**Attorneys for Plaintiff**
5320 S 900 E, Suite 120
Salt Lake City, Utah 84117
Telephone:  (801) 747-0647
Facsimile:  (801) 747-1049

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KIMBERLY M. JAMES, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>ALPINE SCHOOL DISTRICT, a quasi-municipal Corporation; FRANK PULLEY, SR., an individual; FRANK PULLEY, JR., an individual; MICHAEL PRIVETT, an individual, CRAIG JENSEN, an individual; and DOES 1-10, inclusive.<br><br>Defendants. | **Civil No.**   2:21-cv-00596-BSJ<br>Assigned to Honorable  Bruce S. Jenkins<br><br>**COMPLAINT**<br><br>**JURY DEMANDED** |

Plaintiff Kimberly M. James ("Plaintiff") by and through her attorneys, hereby complains against Alpine School District ("District"), Frank Pulley, Sr. ("Pulley Sr."), Frank Pulley, Jr. ("Pulley Jr."), Michael Privett ("Privett"), Craig Jensen ("Jensen"), and DOES 1-10, inclusive, as follows:

## NATURE OF THE CLAIMS

1.     This is an action for injunctive relief and damages under: (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 (e) et seq., ("Title VII"), for discrimination

based on gender and retaliation; (2) The Utah Antidiscrimination Act, U.C.A. § 34A-5-101 et

seq., for discrimination on the basis of sex; (3) the Equal Pay Act of 1963, 29 U.S. Code Ch. 8

§206(d) for wage discrimination; and (4) 42 U.S.C. §1983 ("Section 1983") for violating

Plaintiff's right to be free from discrimination as secured by the Fourteenth Amendment's Equal

Protection Clause, and for violating Plaintiff's right to be free from retaliation as secured by the

First Amendment to the United States Constitution.  The District intentionally chose to create

and foster policies that discriminate against women.  Pulley Sr., Pulley Jr., Privett, and Jensen,

individually, and in concert, subjected Plaintiff to conduct that occurred under color of state law,

and this conduct deprived Plaintiff of her rights and privileges guaranteed under federal law and

the U.S. Constitution.  When Plaintiff sought to avail herself of her legal rights and when

Plaintiff complained in good faith and sought correction of the improper behavior, the

Defendants refused to comply and retaliated against Plaintiff.  Defendants failed and refused to

promote Plaintiff to a position for which she applied and for which she was qualified, because

she is a woman.

2.      Plaintiff seeks all available injunctive and equitable relief, damages, attorney fees,

costs, interest, liquidated damages as allowed by law, and punitive damages.

## **PARTIES**

3.      Plaintiff Kimberly M. James is an adult female, competent to bring this action, a

citizen of the State of Utah, and a resident of Pleasant Grove, Utah County, State of Utah.

4.      Defendant Alpine School District ("District") is a quasi-municipal corporation

organized and existing under the laws of the State of Utah, with its principal place of business in

American Fork, Utah County, Utah.  At all relevant times, the District was and is an "employer"

within the meaning of §701(f) of Title VII and 29 U.S.C. § 2611, and a "person" within the meaning of 42 U.S.C. §1983.

5.      Defendant Frank Pulley, Sr. ("Pulley Sr.") is an individual who, at all relevant times, was employed by Defendant District in a supervisory capacity or exercised *de facto* supervisory authority over Plaintiff, was acting pursuant to his authority as such and was acting under color of state law.  At all relevant times, Pulley Sr. was a "person" within the meaning of 42 U.S.C. §1983.

6.      Defendant Frank Pulley, Jr. ("Pulley Jr.") is an individual who, at all relevant times, was employed by Defendant District in a supervisory capacity or exercised *de facto* supervisory authority over Plaintiff, was acting pursuant to his authority as such and was acting under color of state law.  At all relevant times, Pulley Jr. was a "person" within the meaning of 42 U.S.C. §1983.

7.      Defendant Michael Privett ("Privett") is an individual who, at all relevant times, was employed by Defendant District in a supervisory capacity or exercised *de facto* supervisory authority over Plaintiff, was acting pursuant to his authority as such and was acting under color of state law.  At all relevant times, Privett was a "person" within the meaning of 42 U.S.C. §1983.

8.      Defendant Craig Jensen ("Jensen") is an individual who, at all relevant times, was employed by Defendant District in a supervisory capacity or exercised *de facto* supervisory authority over Plaintiff, was acting pursuant to his authority as such and was acting under color of state law.  At all relevant times, Jensen was a "person" within the meaning of 42 U.S.C. §1983.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over this matter pursuant to the provisions of

42 U.S.C. § 2000e-5 et seq., pursuant to 29 U.S.C. § 2617, and pursuant to 28 U.S.C. §1367.

10.     Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b) because

Defendants reside in, and all of the employment practices alleged to be unlawful were committed

within, the jurisdiction of the United States District Court for the District of Utah and the claims

arose in State of Utah, Central Division.

11.     Plaintiff timely filed a charge of discrimination with both the Utah

Antidiscrimination & Labor Division ("UALD") and the Equal Employment Opportunity

Commission ("EEOC") and has otherwise exhausted her administrative remedies within the

meaning of Title VII.  (Exhibit A)

12.     On July 17, 2021, the EEOC issued Plaintiff a Dismissal and Notice of Right to

Sue (Exhibit B).  Plaintiff has filed this Complaint within ninety (90) days of receiving the

Notice of Right to Sue.

## FACTUAL BACKGROUND

13.     Ms. James was hired by the District as an hourly employee as a custodian on or

about November 1, 1994.  In or about December 1996, Ms. James became a contracted employee

with the District.  Throughout the entirety of her employment (nearly 27 years) Ms. James has

always worked as a custodial employee promoted, supervised, and managed by the

administration and staff of the schools at which she worked.  Over the years, Ms. James earned

several promotions, ultimately achieving the position of Custodian Head/Sr. High School in

June, 2018.  Throughout her employment with the District, Ms. James received exceptional

performance reviews.

14.    Custodian Head/Sr. High School is the highest position Ms. James can attain as a

member of the custodial staff.  Ms. James is one of only two female Custodian Head/Sr. High

School employees in the District, out of ten (10) available Custodian Head/Sr. High School

positions.

15.    All of the District's custodial employees are hired, promoted, managed,

disciplined, and supervised by the administration and staff of the schools at which they work and

the District.  Custodial employees are <u>not</u> hired, promoted, managed, disciplined or supervised

directly by the District's separate Maintenance Department and its personnel; however, the

Maintenance Department is a District level department.

16.    In or about September 2019, a job opening was posted for a position as "Custodial

Service Lead."  Despite its formal name, this position is a position in the District's Maintenance

Department.  Attaining this position in the District's Maintenance Department would have been a

promotion for Ms. James and would have entitled her to higher pay.  Pulley Jr. and Privett were

identified as the hiring managers for the position.

17.    In or about late September 2019, Ms. James applied for the position of Custodial

Service Lead.  Ms. James was qualified for the position.  Ms. James submitted all documentation

and information requested of her in applying for the position.  Ms. James is informed and

believes that ultimately thirty-one individuals completed the initial application process to be

considered for the position.

18.     Pulley Jr. and Privett reviewed the application materials of the thirty-one applicants and narrowed the field of applicants to ten, for a first round of interviews.  Ms. James was notified that she, along with nine (9) male employees, had qualified to submit to a first interview for the position as Custodial Service Lead. Of all of the applicants, Ms. James was the only female applicant who was provided a first interview.

19.     Pulley Jr. and Privett then established and personally selected a five (5) member interview committee.  The committee of interviewers was comprised of five (5) men and zero (0) women.  One of the interview committee members selected by Pulley Jr. and Privett was Pulley Sr. (Pulley Jr.'s father).  Pulley Sr. had previously, on more than one occasion, openly voiced his bias against women generally and against Ms. James personally working in custodial and/or maintenance positions in the District.  This open disapproval of Ms. James' employment was commonly known within the District and began when she first began to work at the District as the first female head custodian.  One of the interview committee members was an employee in the District's Purchasing Department.  The Purchasing Department employee selected to sit on the interview committee was male (and, interestingly, was promoted in to the Maintenance Department to take over Pulley Sr.'s position when he retired).  One of the interview committee members was a Principal from a District elementary school.  Even the principal selected to sit on the interview committee was male.

20.     During the first round interview, applicants were asked eight questions, and their responses were subjectively scored on a scale from one to five by each of the male members of the interview committee.  The scores given by each committee member were then totaled.  Only the applicants with the five highest total scores in the first interview were invited for a second

interview.  No other criteria was used in determining if an applicant would move on to the second round of interviews and for further consideration for the position.

21.    Ms. James is informed and believes and on that basis alleges that the interview questions were formulated by Pulley Jr. and Privett.  Several of the questions in the first round interview were unrelated to the detailed job duties listed in the job posting and were biased against Ms. James.  Furthermore, despite being aware of Pulley Sr.'s open bias against women and Ms. James, Pulley Sr. remained on the interview committee during Ms. James' interview and scored Ms. James interview.  However, Pulley Sr.'s nephew interviewed for the position after Ms. James and Pulley Sr. was replaced by another mail employee to interview and score the nephew's interview.

22.    Plaintiff is informed and believes and on that basis alleges that the selection process, including the appointment of the all-male interview committee as well as the selection of the specific questions to be asked during the interview, was designed and carried out in such a way as to specifically eliminate Ms. James (the only female engaged in the process) from further consideration for the position of Custodial Services Lead because she is a woman.

23.    Following the first round interview, Ms. James was advised that her scores in the first interview were not high enough to qualify her for a second interview.  Ms. James was ultimately advised that a male candidate was selected for promotion to Custodial Services Lead. Plaintiff is informed and believes, and on that basis alleges, that the male applicant appointed to the position had fewer years of service in the District than she, and was less qualified for the position than she was.

24.     Plaintiff is informed and believes, and on that basis alleges, that the Defendants' reason given for not promoting her to the position of Custodial Service Lead was pretext and that Defendants refused to promote Plaintiff because she is a woman and to avoid having to pay her the same wages as equally or lesser qualified male colleagues.  Plaintiff is informed and believes and on that basis alleges that Defendants' actions violated not only State and Federal Anti-Discrimination laws and the U.S. Constitution (and Amendments thereto), but also violated the District's own internal written policies including, but not limited to, policies regarding Non-Discrimination (Policy 7100), Promotions (Policy 4453) and Employment of Relatives (Policy 4473).

25.     Plaintiff is informed and believes, and on that basis alleges, that the actions of Pulley Sr., Pulley Jr. and Privett were knowing and intentional and intended to deprive Ms. James of her rights under federal law and the U.S. Constitution.

26.     On November 1, 2019, Ms. James had a meeting with Jensen the District's Director of Human Resources to discuss her allegations of discrimination, specifically in connection with the selection process for the Custodial Services Lead position.  During that meeting, Ms. James specifically identified several employees as being responsible for the discrimination including, specifically, Pulley Sr. and Pulley Jr.  Following her meeting with the Jensen, Pulley Sr. was transferred to the position of maintenance coordinator over the High School where Ms. James worked.  Within six (6) months after Pulley Sr.'s transfer, Pulley Jr. decided he would replace Pulley Sr. as maintenance coordinator over the High School where Ms. James worked.  On information and belief, this was the only school within the District at which Pulley Jr. has ever acted as maintenance coordinator.  In that position, Pulley Jr. denied Ms.

James' request for a new high lift to replace the admittedly damaged high lift at her High School. Instead, she was advised that if she needed to use a high lift, she would have to borrow one from the Maintenance Department.  Ms. James is informed and believes that these actions were taken in direct retaliation for her complaints of discrimination.

27.    On or about November 18, 2019, Ms. James filed a formal grievance with the District regarding the selection process for the Custodial Service Lead position, pursuant to District Policy 4431 and properly exhausted her internal remedies through that process. According to the District's written response to Ms. James' grievance, the only "investigation" into her grievance that was performed was through communications with Pulley Jr., one of the key bad actors identified in Ms. James' grievance.  .  On January 28, 2020, while the discussion of potential resolution of her grievances continued, Jensen sent a letter to Ms. James stating that *if, and only if, she would agree to drop her grievances*, then the District would agree that going forward, Pulley Sr. would not be a part of the interview committee for any position Ms. James applied for.  On January 30, 2020, Ms. James filed a formal grievance with the District regarding retaliation she suffered as a direct result of her November 1, 2019 meeting and her November 18, 2019 grievance.

28. On May 11, 2020, Ms. James timely filed a Charge of Discrimination with the Utah Anti-Discrimination & Labor Division and Equal Employment Opportunity Commission (EEOC).   In response to Ms. James' EEOC Charge, the District submitted a position statement purportedly supported by "statistical data" it compiled and submitted to show that women are adequately represented in management positions within the District's Maintenance Department. What the data showed, however, was that not only are there no contracted women in

management positions in the Maintenance Department, ***there are no contracted female***
***employees at all in the Maintenance Department***.

29.     On July 17, 2021, the EEOC issued a Dismissal and Notice of Right to Sue to Ms.
James.

<u>**FIRST CAUSE OF ACTION**</u>

<u>**GENDER DISCRIMINATION AND RETALIATION**</u>

<u>**IN VIOLATION OF TITLE VII**</u>

(Against Defendant Alpine School District, and DOES 1-3)

30.     Plaintiff incorporates by reference herein all allegations contained in paragraphs 1
through 29, above.

31.     Plaintiff is a female and has suffered from Defendants' discrimination against her
in direct violation of Title VII of the Civil  Rights Act of 1964, as amended, 42 U.S.C. §§ 2000
(e) et seq., ("Title VII").  During her employment, Plaintiff applied for promotion to Custodial
Service Lead and performed all actions necessary to properly submit herself for consideration for
that position.

32.     Plaintiff was fully qualified for the position which she applied for and at all times
was able to perform all essential duties/functions of that position.

33.     Defendants refused to promote Plaintiff on the basis of her sex/gender.  A male
applicant was given the promotion.

34.     Defendants claims that Plaintiff was passed over for promotion because another,
more qualified or equally qualified, male candidate was given the position.  Plaintiff maintains
that the Defendants' proffered explanation for refusing to promote her is pretext.

35.    Plaintiff was treated differently than other employees because of her sex/gender.

36.    Defendant District was put on notice and was well aware of its position and affirmatively chose to not promote Plaintiff because of her sex/gender.  Further, subsequent actions taken against Plaintiff were done intentionally to retaliate against Plaintiff for her internal complaints of discrimination and for attempting to enforce and protect her rights under Title VII.

37.    As a result of Defendants' unlawful conduct, Defendant District is liable to Plaintiff for all back wages, front wages, additional liquidated damages equal to the amount of unpaid wages, lost benefits, compensatory damages for emotional distress, pre-judgment interest, reasonable attorney's fees, reasonable expert witness fees, and any other costs of this action and for such other and further equitable relief as this court deems appropriate, including instatement in the promotion position at the appropriate pay rate with additional pay increases as though she were in the position from the time that she was wrongly denied the promotion.

38.    Furthermore, Defendants' unlawful conduct towards Plaintiff was done with malice and with knowing and reckless indifference and disregard for her protected rights and, as such, the Defendant District should be subjected to punitive damages, as well.

**SECOND CAUSE OF ACTION**

**(PENDENT CLAIM)**

**VIOLATION OF THE UTAH ANTIDISCRIMINATION ACT**

(Against Defendant Alpine School District and DOES 1-3)

39.    Plaintiff incorporates by reference herein all allegations contained in paragraphs 1 through 38, above.

40.     Plaintiff has been working for the District as a custodial services employee since in or about November 1, 1994.  In or around October 2019, Plaintiff applied for a promotion to Custodial Service Lead in the District's Maintenance Department.  Plaintiff was qualified for the position.  Plaintiff was not promoted to the position for which she applied; rather, a less qualified male applicant was promoted to that position.

41.     The Defendants' refusal to promote Plaintiff was not necessary to the operation of the District's business.  Defendants refused to promote Plaintiff because she is a woman.  Further, subsequent actions taken against Plaintiff were done intentionally to retaliate against Plaintiff for her internal complaints of discrimination and efforts to enforce and protect her rights under Utah Antidiscrimination Act, U.C.A. § 34A-5-101 et seq.

42.     As a result of Defendants' unlawful conduct, the District is liable to Plaintiff for all back wages, front wages, additional liquidated damages equal to the amount of unpaid wages, lost benefits, compensatory damages for emotional distress, pre-judgment interest, reasonable attorney's fees, reasonable expert witness fees, and any other costs of this action and for such other and further equitable relief as this court deems appropriate, including instatement in the promotion position at the appropriate pay rate with additional pay increases as though she were in the position from the time that she was wrongly denied the promotion.

43.     Defendants' unlawful conduct towards Plaintiff in violation of the Utah Antidiscrimination Act was done with knowing and reckless indifference to and disregard of her protected rights and, as such, the District should be subject to punitive damages in addition to all other damages.

**THIRD CAUSE OF ACTION**

**VIOLATION OF EQUAL PAY ACT**

(Against Defendant Alpine School District and DOES 1-3)

44.     Plaintiff incorporates by reference herein all allegations contained in paragraphs 1 through 43, above.

45.     The Equal Pay Act of 1963, provides, in pertinent part, that "[n]o employer . . . shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . ."

46.     During Plaintiff's employment with the District, Plaintiff became aware that she was being denied promotion due to her sex, thus being paid less than her male colleagues performing under similar working conditions for equal work requiring equal skill, effort and responsibility.

47.     On multiple occasions during her employment Plaintiff demanded that she be given a promotion and concurrent raise in pay in order for her pay to be equal to that of her male colleagues performing work which required the same skill, effort and responsibility and performed under the same working conditions.  Plaintiff's demands were ignored and denied.

48.     Plaintiff is informed and believes, and on that basis alleges, that the District's promotion practices and pay disparity between Plaintiff and her male colleagues was not based

on any valid seniority system, merit system, system which measures earnings based on quantity or quality of production, or on any other differential other than sex.

49.    The District violated the Equal Pay Act by failing and refusing to promote Plaintiff to a position with wages equal to that of her male colleagues.

50.    The District is liable to Plaintiff for all back wages at the rate of the unlawful pay differential, additional liquidated damages equal to the amount of unpaid wages based on the unlawful pay differential, pre-judgment interest, reasonable attorney's fees, reasonable expert witness fees, and any other costs of this action and for such other and further equitable relief as this court deems appropriate, including instatement in the promotion position at the appropriate pay rate with additional pay increases as though she were in the position from the time that she was wrongly denied the promotion..

51.    Because the District's violation of the Equal Pay Act was intentional and egregious, and done with knowing and reckless disregard for Plaintiff's protected rights, Plaintiff is also entitled to punitive damages.

## FOURTH CAUSE OF ACTION

## DEPRIVATION OF RIGHTS UNDER 42 U.S.C. §1983 RESULTING FROM DISCRIMINATION IN VIOLATION OF THE FOURTEENTH AMENDMENT AND RETALIATION IN VIOLATION OF THE FIRST AMENDMENT

(Against all Named Defendants and DOES 4-10)

52.    Plaintiff incorporates by reference herein all allegations contained in paragraphs 1 through 51, above.

53.     At all times relevant herein Defendants Pulley Sr., Pulley Jr., Privett, Jensen, and DOES 4-10 (the "Individual Defendants") were management and/or supervisory employees of Defendant the District, were supervisors of Plaintiff or exercised *de facto* supervisory authority over Plaintiff, and acted in their capacities as such under color of state law.

54.     In doing the acts described herein, the Defendants subjected Plaintiff to conduct that occurred under color of state law and deprived Plaintiff of her rights and privileges guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and the First Amendment to the United States Constitution.  Defendants knowingly and intentionally discriminated against Plaintiff because she is a woman; and, knowingly and intentionally violated Plaintiff's right to free speech and to petition for redress of grievances by retaliating against her because of her complaints of discrimination.

55.     Plaintiff's complaints and grievances of gender discrimination were related to a matter of public concern.  Plaintiff's right to express herself on this issue was not outweighed by any injury her speech and grievances could cause to the District, as an employer, in promoting the efficiency of the public services it performs through its employees.

56.     The violation of Plaintiff's Constitutional rights resulted from the District's policy and/or custom of discriminating against women in custodial and maintenance positions.

57.      As a result of Defendants' deprivation of Plaintiff's rights in violation of Section 1983, Defendants are liable to Plaintiff for compensatory damages in an amount sufficient to make her whole, pre-judgment interest, reasonable attorney's fees, reasonable expert witness fees, and any other costs of this action and for such other and further equitable relief as this court deems appropriate.

58.     Because the Defendants' conduct depriving Plaintiff of her rights as secured by the First and Fourteenth Amendments to the U.S. Constitution was intentional and egregious, and done with knowing and reckless disregard for Plaintiff's protected rights, Plaintiff is also entitled to punitive damages.

### JURY DEMAND

Plaintiff, by and through counsel of record, and pursuant to Federal Rules of Civil Procedure, hereby demands a trial by jury of any issue triable of right by jury prayerful relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     For an order of judgment against Defendant for appropriate back pay, front pay, and reimbursement for any other of Plaintiff's pecuniary losses, including lost benefits;

2.     For an order promoting Plaintiff's to the position of Custodial Service Lead with the Defendant and an appropriate wage increase so that Plaintiff's pay is equal to that of her male colleagues;

3.     For compensatory damages for emotional distress;

4.     For liquidated damages equal to the amount of unpaid back wages, benefits and interest thereon as a result of Defendant's violation of the Equal Pay Act;

5.     For punitive damages in substantial, appropriate and reasonable amounts;

6.     For reasonable attorney's fees and costs; and

7.     For such other relief as the Court deems appropriate.

## **F.R.C.P. RULE 11 CERTIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

DATED THIS 11th day of October, 2021.

SMART SCHOFIELD SHORTER, P.C.

A Professional Corporation

_/s/ Tracy L. Olson_
Tracy L. Olson
Attorney for Plaintiff

EXHIBIT "A"

# CHARGE OF DISCRIMINATION

Utah Anti-Discrimination – Labor Division and EEOC ~~RECEIVED~~

| | |
|---|---|
| UALD No: | C0-0306 |
| EEOC No: | 35C-2020-00306 |

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Kimberly M. James | (801) 319-8174 |

**MAY 1 1 2020**

**ANTIDISCRIMINATION AND LABOR COMMISSION**

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 622 N 100 E, PLeasant Grove UT  84062 | | May 03, 1979 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | TELEPHONE *(Include Area Code )* |
|---|---|
| Alpine School District | (801) 610-8400 |

| STREET ADDRESS | COUNTY |
|---|---|
| 575 N 100 E, American Fork UT  84003 | Utah |

| NAME | STREET ADDRESS |
|---|---|

CAUSE OF DISCRIMINATION BASED ON

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☐ RETALIATION  ☐ AGE  ☐ DISABILITY

☐ GENDER IDENTITY  ☐ SEXUAL ORIENTATION  ☐ RELIGIOUS LIBERTY PROTECTION

DATE DISCRIMINATION TOOK PLACE
*EARLIEST*     *LATEST*
                10/16/2019

☐ CONTINUING ACTION

THE PARTICULARS ARE    *(If additional space is needed, attach extra sheets(s)):*

I was hired in 1994, as a Sweeper then promoted to Head Custodian. I am a female. I have reason to believe because of this, I have been subjected to discrimination.

I applied for a position on October 16, 2019, that I was passed up for. I was more qualified than the person that was selected. My credentials were much higher than the person chosen. There are no woman in any of the leadership positions in maintenance. The assistant maintenance coordinator and his son the director of physical facilities over saw the initial interview committee. I was told by HR that my interview score was not high enough to send me to the second round of interviews and he sent me my scores. I am being treated differently, because I am a female. There are no woman in any leadership roles in maintenance and very few women are employees in that department. I complained to the Utah school Employees Association, to the executive director, and the president of the school board that I am being discriminated against because of my gender.

I believe I have been discriminated against based on my gender. I also believe the acts of my employer are in violation of Title VII of the Civil Rights Act of 1964, and the Utah Antidiscrimination Act of 1965, both amended.

| | |
|---|---|
| I understand this charge will be filed with both the EEOC and the State or local Agency, if any, unless jurisdictional issues dictate otherwise. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY<br>State of Utah                      )<br>County of  Utah                    )   ss.<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF CHARGING PARTY<br><br>X *Kimberly M. James*<br><br>SUBSCRIBED AND SWORN/AFFIRMED TO ME ON THIS ___ DAY OF<br>May , 2020 by *Kimberly M James*<br>                                      *(Charging Party)*<br><br>*Notary Public*        Oct 15, 2023<br>                          My Commission Expires |



AMANDA FERREIRA
Notary Public - State of Utah
Comm. No. 708653
My Commission Expires on
Oct 15, 2023

EXHIBIT "B"

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kimberly James<br>622 N 100 E<br>Pleasant Grove, UT 84062 | From: | Phoenix District Office<br>3300 North Central Ave<br>Suite 690<br>Phoenix, AZ 85012 |
|---|---|---|---|

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| 35C-2020-00306 | **Jeremy Yubeta,**<br>**Enforcement Supervisor** | | **(602) 661-0015** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*                                                                                  7/17/2021

| Enclosures(s) | **Elizabeth Cadle,**<br>**District Director** | *(Date Issued)* |
|---|---|---|

cc:

PATRICK L. TANNER<br>
BURBIDGE Van Komen<br>
Tanner & Scruggs LLC<br>
9067 S 1300 W<br>
STE 302<br>
West Jordan, UT 84088

Tracy L. Olson<br>
SMART SCHOFIELD SHORTER, PC<br>
5320 South 900 East, Suite 120<br>
Salt Lcty, UT 84117