THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Kimberly M. James an Individual,<br><br>                    Plaintiff,<br>v.<br><br>Alpine School District et al.,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-00596-HCN-DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter comes before the court on Plaintiff's Short Form Discovery Motion to Compel.[1] Plaintiff brings this case alleging 1) gender discrimination and retaliation under Title VII, 2) violation of the Equal Pay Act, and 3) gender discrimination in violation of the Fourteenth Amendment. Plaintiff seeks information relevant and proportional to these allegations.

Under Fed. R. Civ. P. 26 "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[2] Moreover, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."[3] In employment discrimination cases, "courts have generously construed the term 'relevant' and have afforded … access to [a wide array of] material" that might shed light on the allegations.[4]

---

[1] ECF No. 83.

[2] Fed. R. Civ. P. 26(b)(1).

[3] *Id.*

[4] *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 68, 104 S. Ct. 1621, 1631 (1984).

In the instant matter, Defendants represent they are not aware of further discovery and have supplemented responses to Plaintiff's Interrogatories. Specifically, Defendants mention Interrogatory Numbers four and seventeen. Defendants further represent they have produced "personnel file materials for each of the personnel involved in the 2019 hiring of the Custodial Services Lead/Foreperson."[5] And updated material found in response to Plaintiff's December 2023 request will "be produced momentarily."[6]

Plaintiff's December 2023 request is, according to Plaintiff, "intended to help us tie up the loose ends remaining in discovery."[7] In the letter Plaintiff identifies certain Interrogatories and Requests for Production that in her opinion need further answers or production of materials. In response, Defendants' counsel noted they had "the chance to review your 12/26 letter with ASD, and confirmed there will be very little to provide on the listed topics."[8] Defendants go on to provide "helpful clarification on several of the items" and represent that updates to the discovery responses will be provided based on the continuing duty to disclose. Importantly, Defendants further note they are "currently unaware of any such updates."[9]

Having considered the parties' correspondence and briefing on the matter, the court ORDERS Defendants to provide any updates within thirty (30) days from the date of this order. To the extent that there are not any updates, however, Defendants are under no obligation to provide information they do not have or have already produced. Defendants pleading is signed,

---

[5] ECF No. 84 p. 3.

[6] *Id.*

[7] ECF No. 83-2.

[8] ECF No. 83-3.

[9] *Id.*

and the court has no reason to believe Defendants are being deceptive or misleading the court concerning updates or discoverable materials that do not exist.

The court further ORDERS the parties to have an additional meet and confer either in-person or via Zoom before any additional discovery motions are filed to tie up any loose ends. Accordingly, Plaintiff's motion is GRANTED to the extent that such information and updates exist, which have already not been provided.[10]

DATED this 23 February 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[10] The court declines to order any "reasonable expenses incurred in making [this] motion" because it appears that nearly all updates sought by Plaintiff do not exist or information has already been produced. These "other circumstances" make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5).