THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Kimberly M. James an Individual, <br><br>           Plaintiff, <br> v. <br><br> Alpine School District et al., <br><br>           Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:21-cv-00596-HCN-DBP <br><br> District Judge Howard C. Nielson, Jr. <br><br> Chief Magistrate Judge Dustin B. Pead |

This matter comes before the court on Plaintiff's Motion for Leave to Amend Complaint.[1] Plaintiff sought promotion within the Alpine School District and her 2019 application for the Custodial Services Lead/Foreman position within maintenance was denied. She brings claims of 1) gender discrimination and retaliation under Title VII, 2) violation of the Equal Pay Act, and 3) gender discrimination in violation of the Fourteenth Amendment. In the current motion, Plaintiff seeks to amend her Complaint pursuant to Fed. R. Civ. P. 16, 15(a)(2), and 15(d) to include three denied job applications for maintenance positions she applied for in 2023. As set forth herein, the court denies the motion.[2]

---

[1] ECF No. 74.

[2] This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. ECF No. 73.

## LEGAL STANDARDS

"A party seeking to amend a complaint after the deadline to amend pleadings has passed must (1) demonstrate good cause under Rule 16 of the Federal Rules of Civil Procedure and (2) satisfy the standards in Rule 15 of the Federal Rules of Civil Procedure."[3]

Rule 16 provides that a "schedule may be modified only for good cause and with the judge's consent."[4] Rule 16 "requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts."[5] The good-cause requirement may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed."[6] Rule 16's diligence requirement is not met if the movant "knew of the underlying conduct [giving rise to the claims] but simply failed to raise [the] claims."[7]

Federal Rule 15 allows a party to "amend its pleading only with the opposing party's written consent or the court's leave."[8] Leave to amend is to be freely given when justice so requires.[9] Indeed, denial of leave to amend is justified in limited circumstances:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'[10]

---

[3] *Doe 1 v. Ogden City Sch. Dist.*, No. 1:20-CV-00048, 2023 WL 35331, at *5 (D. Utah Jan. 4, 2023) (citing *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)).

[4] Fed. R. Civ. P. 16(b)(4).

[5] *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (quoting *Gorsuch*, 771 F.3d at 1240) (alteration in original) (other quotations and citations omitted).

[6] *Gorsuch*, 771 F.3d at 1240.

[7] *Husky Ventures*, 911 F.3d at 1020 (quoting *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248 (10th Cir. 2015)).

[8] Fed. R. Civ. P. 15(a)(2).

[9] Fed. R. Civ. P. 15(a).

[10] *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

Rule 15(d) provides "the court may, …. permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."[11] "In general, the 'standard utilized by courts in deciding whether to grant or deny a motion for leave to supplement is the same standard used in deciding whether to grant or deny a motion for leave to amend.'"[12]

## DISCUSSION

At the outset, the court expresses concern that Plaintiff is still waiting for a right to sue letter from the 2023 applications. Plaintiff seeks to add the three new failed applications from 2023 to her "42 U.S.C. § 1983 claims of gender discrimination, while she awaits a right to sue on her Title VII claims of gender discrimination and retaliation."[13] Presumably once a right to sue letter is obtained, Plaintiff will seek to add the Title VII claims of gender discrimination and retaliation for the 2023 incidents, which potentially could delay this case further.

Setting aside this initial concern the court turns to the requirements for allowing an amendment. "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed.R.Civ.P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."[14] The fact discovery deadline was July 20, 2023, with a dispositive motion deadline of August 17, 2023.[15] Based on the parties' attorney planning meeting report, the deadline to file a motion to amend pleadings was November 16, 2022.[16]

---

[11] Fed. R. Civ. P. 15(d).

[12] *Greer v. Herbert*, No. 2:16-CV-01067, 2017 WL 11477212, at *2 (D. Utah Aug. 30, 2017) (quoting *Carter v. Bigelow*, 787 F.3d 1269, 1278 (10th Cir. 2015).

[13] Mtn p. 2-3.

[14] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

[15] ECF No. 49.

[16] ECF No. 35. Per Judge Jenkins' practice there was not a full scheduling order entered on the docket.

Plaintiff sought to amend on December 22, 2023, over a year after the motion to amend deadline passed and five months after the fact discovery deadline. Thus, Plaintiff must establish both good cause under Rule 16(b)(4) and satisfy the Rule 15(a) standard.

Rule 16's good-cause requirement may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed."[17] Here, all relevant events for the 2023 positions occurred after the November 2022 deadline to amend the complaint. Defendants do not contest Plaintiff's claims of good cause for filing an amended complaint. The court therefore does not address that prong further.

Turning to the Rule 15 standards, Defendants argue Plaintiff's motion fails for two primary reasons. It is untimely and "brought with undue delay after the close of fact discovery."[18] Under Tenth Circuit precedent, untimeliness alone is a sufficient basis for denying leave to amend.[19] In addition, the undue delay allegedly creates prejudice for Defendants, because Defendants are unable to defend against the new causes of action, discovery would need to be reopened, and this case would "start anew."

The Tenth Circuit focuses primarily on the "reasons for the delay [and has] held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"[20] The parties disagree about the causes of the delay. Plaintiff points to Defendants' delays in producing discovery that resulted in postponing and moving

---

[17] *Gorsuch*, 771 F.3d at 1240.

[18] Op. p. 4, ECF No. 77.

[19] *Frank v. U.S.W., Inc.*, 3 F.3d 1257, 1265 (10th Cir. 1993) ("It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend.") citing *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir.1991); *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990); *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1133 (10th Cir.1987).

[20] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir.1993); *see also Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir.1994) ("[U]nexplained delay alone justifies the district court's discretionary decision.").

depositions. Plaintiff notes the court ordered the production of discovery, which was produced near the close of fact discovery. And all documents related to the 2023 hires were not produced until November 28, 2023. Defendants argue Plaintiff could have sought leave to amend her complaint at any time between March and July 2023 after she was unsuccessful in obtaining one of the three maintenance positions for which she applied and was interviewed. Moreover, Plaintiff's claims that she needed to take depositions before filing a motion to amend are undermined by the fact that none of the four deponents were involved in the 2023 hiring process. In fact, each of the hiring committees that interviewed Plaintiff in 2023 were different than the one in 2017.

The failed applications occurred in March, May, and July of 2023 as set forth in the proposed Second Amended Complaint. On the record before it, the court finds Plaintiff offers no adequate explanation for the delay between July, when the last failed application occurred, and the end of December when amendment was sought. Most of the discovery relating to the 2023 failed applications was available to Plaintiff by the fact discovery deadline. Defendants note that only 82 of the 922 pages of this discovery was produced in November after the deadline. The depositions cited to by Plaintiff also were unnecessary for the proposed amended complaint because they were not involved in the 2023 hiring process. A delay of five months in seeking to file an amended complaint is enough to be undue without an adequate explanation.[21]

The "most important factor in deciding a motion to amend pleadings, is whether the amendment would prejudice the nonmoving party."[22] Simple prejudice is insufficient. Rather,

---

[21] *See Birch v. Polaris Indus., Inc.* 812 F.3d 1238, 1248 (10th Cir. 2015) (finding the plaintiffs offered no adequate explanation as to why they waited over four months after new factual allegations came to light to request leave to amend; *Bird v. W. Valley City*, 2014 WL 3547829 (D. Utah July 17, 2014) (denying motion to amend where plaintiff failed to offer an adequate explanation for waiting nearly seven months after the fact discovery deadline to move to amend).

[22] *Minter*, 451 F.3d at 1207.

courts generally "find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[23] "Leave to supplement a complaint with 'post-complaint transactions, occurrences or events ... should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants.'"[24]

      The 2023 failed applications are post complaint occurrences that on their face are of a similar subject matter to the amended complaint. Thus, there is a certain appeal to allow them into the current case. Defendants offer the following in support of their argument that allowing the amendment would be unduly prejudicial. First, none of the four individually named Defendants in the current matter had any involvement in the 2023 hirings. So, allowing an amended complaint would unnecessarily tie them to additional Defendants and prolong resolution of their claims. Second, Defendants claim the amendment would create three new hiring scenarios for which there will need to be additional discovery. In essence turning this case from a single incident in 2019, to allegations of a pattern of multiple violations tied to 2023. Finally, this would multiply the amount of necessary evidence for an adequate defense with multiple rounds of additional discovery requests and additional depositions.

      The court finds allowing Plaintiff's proposed amendment would be prejudicial to Defendants. Discovery is closed and this case is ready to go to trial or be resolved through dispositive motions. The addition of three additional failed applications would necessitate the reopening of discovery that will require substantial time, adding additional Defendants who were not the decision makers in 2019, and will delay the resolution of this case for the Defendants who were involved in the 2019 decision making process. Moreover, presuming Plaintiff receives

---

[23] *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

[24] *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1186 (10th Cir. 2015) (quoting *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001)).

a right to sue letter for the 2023 applications, then additional claims would likely be added delaying this matter even further. Thus, finding prejudice the court will deny Plaintiff's motion.[25]

ORDER

For the foregoing reasons the court DENIES Plaintiff's Motion to Amend.

IT IS SO ORDERED.

DATED this 15 April 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[25] *See Walker*, 240 F.3d at 1278 (affirming district court's refusal to allow a supplemental claim where discovery was closed, and it would unduly prejudice defendants).